UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

D.W., *as Executor De Son Tort of the Estate of M.C., a minor, and on behalf of the Estate of M.C. and the Survivors of the Estate*,

    Plaintiff,

v.                                      Case No: 8:25-cv-1260-TPB-AEP

GRINDR, LLC,

    Defendant.
_____/

## ORDER DENYING MOTION TO APPEAR ANONYMOUSLY

This matter is before the Court on "Plaintiff's Motion for Leave to Proceed Anonymously," filed on May 16, 2025. (Doc. 2). Defendant Grindr, LLC, has not yet appeared in the case. Upon review of the motion, court file, and record, the Court finds as follows:

### Background[1]

This case stems from the brutal torture and murder of M.C., a 16-year-old girl from Pinellas County, Florida. On February 14, 2025, M.C. met a 35-year-old man on Grindr, a dating app designed to facilitate primarily homosexual romantic

---

[1] The Court accepts as true the facts alleged in the amended complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

encounters between men, women, and transgender individuals.[2] Although Plaintiff does not identify the man by name in the amended complaint, his identity is widely known and easily accessible through basic internet searches as the events have generated substantial news coverage. After meeting on the app, the man invited M.C. to his duplex in St. Petersburg, Florida. M.C. accepted his offer and was thereafter introduced to the man's domestic partner, a woman, who is also unidentified in the amended complaint but whose identity is widely known and easily accessible.

M.C., the man, and the woman lived together for a few days before their relationship turned violent. Allegedly, the three got into a dispute, and as a result, the man and woman severely beat M.C. The beating was extreme, torturous, and continued for several days. On or about February 24, 2025, M.C. was killed when a pool ball wrapped in a sock was shoved into her mouth, and then her head and face were wrapped in saran wrap, obstructing M.C.'s airways and suffocating her. Following her death, the man transported M.C.'s body to another location before he dismembered M.C.'s body with a chainsaw. He then disposed the remains in a dumpster in Ruskin, Florida, which was eventually taken to an incinerator. The man and woman have been charged with first-degree murder, and their criminal trials are currently pending.

Plaintiff D.W., the presently anonymous *executor de tort* of M.C.'s estate, filed a complaint against Grindr on May 16, 2025, which was amended on May 18,

---

[2] According to the amended complaint, Defendant Grindr, LLC is a California limited liability company that operates Grindr, a geo-social networking application available on iOS and Android platforms.

2025. Plaintiff's claims are premised on the theory that the criminal acts committed against M.C. by an adult Grindr user "were a reasonably expected manifestation of the very risk Grindr created and failed to guard against" based on its policies and practices, including Grindr's failure to implement reasonable, proactive age verification measures. The amended complaint brings claims against Grindr for wrongful death due to product defect (Count I), wrongful death due to negligent product design (Count II), wrongful death due to negligence (Count III), negligence (Count IV), intentional infliction of emotional distress (Count V), negligent infliction of emotion distress (Count VI), negligent misrepresentation (Count VII), liability under 18 U.S.C. § 1595 (Count VIII), and liability under the Florida Deceptive and Unfair Trade Practices Act (Count IX). In the instant motion, Plaintiff requests that the Court permit D.W., M.C., and the survivors to proceed anonymously throughout this lawsuit.[3]

## Legal Standard

Federal Rule of Civil Procedure 10(a) provides that every pleading "must name all the parties." Fed. R. Civ. P. 10(a). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citations omitted). While "the rule is not absolute," in order to proceed anonymously, a party must overcome the "customary and constitutionally-embedded presumption of openness in judicial proceedings."

---

[3] The Court notes that it is unclear who the "survivors" of the estate are in this case.

*Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (citing *Frank,* 951 F.2d at 323).

"In determining whether these exceptional circumstances exist, the district court should consider whether a plaintiff (1) challenges government activity; (2) must disclose information of the utmost intimacy; and (3) must admit an intent to engage in illegal conduct, risking criminal prosecution." *Tessa G. v. Sec'y, United States Dep't of Health & Hum. Servs.*, No. 24-11764, 2025 WL 1342339, at *3 (11th Cir. May 8, 2025) (citing *Francis*, 631 F.3d at 1316). "The inquiry also does not stop there, as [the Eleventh Circuit] ha[s] further directed courts to consider whether (1) a plaintiff wishing to proceed anonymously is a minor, (2) a plaintiff would be threatened with violence or physical harm by proceeding in the plaintiff's own name, and (3) anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* at *3 (citing *Francis*, 631 F.3d at 1316). No one factor is dispositive, and courts should "review *all* the circumstances of a given case [before] decid[ing] whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Francis*, 631 F.3d at 1316 (emphasis in original). Mere embarrassment is insufficient to warrant permitting a party to appear anonymously. *Id.* at 1316. Only in rare circumstances does a party's interest in privacy outweigh the "customary and constitutionally-embedded presumption of openness in judicial proceedings*.*" *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020); *Francis*, 631 F.3d at 1315.

## Analysis

Here, Plaintiff is not challenging governmental activity, nor does this case involve any intent to engage in illegal conduct. Instead, Plaintiff requests to proceed in this lawsuit anonymously on the basis that it "involves the sexuality of [M.C.] – a minor, the threat of social sigma, and the threat of physical harm and harassment resulting from identifying [D.W.], [M.C.], or the survivors." The Court recognizes that M.C. is a minor; however, this fact is not dispositive and other considerations must be weighed.

The Court turns to matters of intimacy (here, sexuality) and the threat of social stigmatization. As an initial matter, it may be important to distinguish between the interests of D.W. and M.C. Plaintiff D.W. is an executor of M.C.'s estate, although the exact nature of their relationship is unknown. Plaintiff D.W.'s interest, if any, is largely vicarious in nature, which may be insufficient to outweigh public interest in disclosure. *See Doe v. Blue Cross & Blue Shield of Rhode Island*, 794 F. Supp. 72, 74-75 (D.R.I. 1992) (noting that in *Doe v. Prudential Ins. Co. of America*, 744 F. Supp. 40 (D.R.I. 1990), the parents of deceased individual had a privacy interest at stake that was "largely vicarious" and ultimately did not support request to proceed under fictitious names). Considering M.C.'s privacy interest, because M.C. is deceased, she will suffer no stigmatization following the disclosure of her identity to the extent that this case could reveal her sexual preferences and practices. *See id.* (finding that disclosure of deceased individual's sexual preferences and practices could not result in stigmatization).

Even if the Court were to assume that a deceased individual or their relatives and survivors could face some form of stigmatization due to the disclosure of information of the utmost intimacy, neither the motion nor the amended complaint establish any such risk.  "Although broadly construed colloquially, information of the utmost intimacy has been narrowly applied." *Doe v. Alabama Dep't of Corr.*, No. 2:24-CV-455-ECM, 2025 WL 942750, at *3. (M.D. Ala. Mar. 27, 2025).  Indeed, only "[w]here the issues involved are matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, [does] the normal practice of disclosing the parties' identities yield[] to a policy of protecting privacy in a very private matter." *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979) (internal quotations removed).  But besides the fact that the events unfolded through the use of a public dating app, there is very little alleged concerning M.C.'s sexuality, sexual activity, or other matters of the "utmost intimacy."[4]  After all, mere use of a dating app does not necessarily implicate one's sexuality or sexual activity.

Although unclear, Plaintiff may be arguing that the amended complaint discloses M.C.'s sexuality because of her use of Grindr, which is designed to facilitate mainly homosexual romantic encounters.  Though disclosure of a party's sexuality could play a role in permitting a party to proceed anonymously, it has typically been applied in situations where the sexual conduct was illegal or the facts

---

[4] The instant motion asserts that "[t]he allegations in the Complaint also reveal the decedent's sexuality," but the Court finds no such allegations in either the original complaint or the amended complaint.

exposing the party's sexuality were graphic. *See, e.g., Doe v. Commonwealth's Att'y for City of Richmond*, 403 F. Supp. 1199 (E.D. Va. 1975) (party permitted to proceed anonymously in constitutional challenge to state sodomy statute); *Francis,* 631 F.3d at 1317 (party with "widespread public reputation" permitted to proceed anonymously where the "filmed conduct include[d] a lengthy and explicit session of homosexual intimacy involving fondling and oral and manual sex with another underage woman."). Unlike in those cases, the amended complaint here is not predicated on an illegal act by M.C. or details related to M.C.'s sexuality. The only thing that can be deduced from the complaint concerning M.C.'s sexuality is that she had a Grindr profile – which was public – and that she matched with a man in what would appear to be a heterosexual encounter. "While the Court is sympathetic to Plaintiff's fears of stigmatization, humiliation, and embarrassment, such concerns are insufficient to outweigh the interest in proceeding publicly." *Doe v. Directions for Mental Health, Inc.*, No. 8:24-cv-02530-WFJ-LSG, 2025 WL 744263 (M.D. Fla. Mar. 7, 2025) (Jung, J.) (internal citations omitted).

Plaintiff also appears to argue that there is a threat of physical harm to the parties because "the non-parties may feel threated by this matter and seek to influence the same by threatening or harassing [D.W.] or the survivors." However, Plaintiff does not sufficiently explain who these "non-parties" are, or on what basis they may seek to threaten anyone involved in this case. More significantly, Plaintiff has not submitted any particularized evidence to support these conclusory allegations. *See Doe v. City of Vero Beach,* No. 2:19-14212, 2019 WL 4277045, at *3 (S.D. Fla. Sept. 10, 2019) (concluding that a conclusory statement that a plaintiff or

his family may be subject to unwanted violence and physical aggression is insufficient to establish a state of danger that may support proceeding anonymously and requiring a particularized showing of risk of physical harm). Consequently, Plaintiff has not shown a threat of physical harm to the parties that would weigh in favor of anonymity in this case.

The Court also considers the substantial news coverage about these events, including national reporting and a corresponding unsealed state court criminal case. M.C.'s name and image have been disclosed and circulated on a variety of national news outlets.[5] In fact, M.C.'s identity has already been reported on in relation to this very case. *See* David Minsky, *Grindr Sued Over Teen's Death, Alleged Negligence In Fla.*, Law360, June 5, 2025, https://www.law360.com/articles/2349955 (last visited June 27, 2025). While not dispositive, prior public disclosures pertaining to a party's identity weighs against permission to proceed anonymously. *See, e.g., Raiser v. Church of Jesus Christ of Latter-Day Saints*, 182 F. App'x 810, 811 (10th Cir. 2006) ("In cases where the sensitive information has already been disclosed . . . the social interest in allowing a party to proceed anonymously is limited."); *Doe v. Drake Univ.*, No.

---

[5] *See, e.g.,* Mirna Alsharif & Austin Mullen, *Florida teen kidnapped and possibly dismembered after meeting man from social media app, police say*, NBC News, Mar. 8, 2025, https://www.nbcnews.com/news/us-news/florida-teen-kidnapped-dismembered-meeting-man-social-media-police-say-rcna195465 (last visited June 27, 2025); Lucia I. Suarez Sang, *Missing teenager killed, dismembered after Florida couple lured her on app*, Mar. 9, 2025, https://www.cbsnews.com/news/miranda-corsette-florida-couple-killed-dismembered-teenager-police/ (last visited June 27, 2025); Chris Spargo, *Man Accused of Luring Girl on Dating App Before Torturing Her and Decapitating Corpse May Face Death Penalty*, People, Apr. 21, 2025, https://people.com/steven-gress-teen-miranda-corsette-murder-grindr-decapitated-allegations-11718875 (last visited June 27, 2025).

416CV00623RGESBJ, 2017 WL 11404865 (S.D. Iowa June 13, 2017) ("Because of the prior and ongoing disclosure of Plaintiff's identity, much of the contemplated harm in unveiling his identity has already occurred and this Court is unable to mitigate the damage from the previous disclosures.").

In sum, upon consideration of the circumstances of this case, the Court finds that requested relief is not warranted and fails to overcome the strong presumption in favor of openness. *See Chiquita*, 965 F.3d at 1247. Nevertheless, the Court recognizes that sensitive content may need to be introduced into the record in this case. To that end, the Court will entertain requests to seal or redact certain documents on an individual basis, if appropriate.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. "Plaintiff's Motion for Leave to Proceed Anonymously" (Doc. 2) is **DENIED**.

2. Plaintiff D.W. is **DIRECTED** to file an amended complaint that discloses his or her name on or before July 11, 2025.

3. This **ORDER** is stayed for fourteen days.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 27th day of June, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE